■ In the Matter of CASSONDRA WILLIAMS, Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [734 NYS2d 913] —Mercure, J. P. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 21, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in willful violation of a prior order of visitation.

Petitioner is an inmate at the Albion Correctional Facility in Orleans County. By order entered September 20, 1999, Family Court granted petitioner's mother, Donna Williams, custody of petitioner's son and also ordered that petitioner "shall have visits with the child as approved and provided by [respondent]." In January 2000, petitioner filed the present petition alleging that she had been provided no visitation with her son and seeking to have respondent held in contempt of court. At an April 10, 2000 hearing, the caseworker assigned to petitioner's case testified that the driving time from Williams' residence in Broome County to the Albion Correctional Facility was approximately 3½ to 5 hours each way, rendering it virtually impossible for respondent to provide transportation for visitation. At the conclusion of the hearing, Family Court dismissed the petition and amended the September 20, 1999 order so as to relieve respondent of any obligation to provide transportation for visitation and place that responsibility on petitioner and her family. Petitioner appeals.

In our view, the contentions advanced on appeal are devoid

of merit. Surely, Family Court did not err in refusing to receive evidence of a prior visitation order that had been superseded by the order entered September 20, 1999 (*see, Matter of Espinosa v Hernandez*, 265 AD2d 755). Further, advised of the impracticability of having respondent provide transportation for visitation, Family Court acted within its discretion in relieving respondent of that obligation, which had been voluntarily undertaken by respondent in the first instance.

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.