■ In the Matter of EDWARD S., Appellant, v WILLIAM R. MOON, as Commissioner of Social Services of Delaware County, Respondent. (And Four Other Related Proceedings.) [776 NYS2d 363]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered April 2, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation, (2) from an order of said court, entered October 16, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to compel respondent to provide certain services, (3) from an order of said court, entered October 19, 2000, which dismissed petitioner's motion for a new attorney, (4) from an order of said court, entered February 20, 2001, which, inter alia, denied petitioner's motion for recusal, (5) from an order of said court, entered March 30, 2001, which dismissed petitioner's applica-

tion, in a proceeding pursuant to Family Ct Act article 6, to compel respondent to provide certain services, (6) from an order of said court, entered March 30, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection, (7) from an order of said court, entered May 4, 2001, which, inter alia, denied petitioner future notice of certain foster care review proceedings, and (8) from an order of said court, entered February 5, 2002, which granted respondent's petition, in a proceeding pursuant to Social Services Law § 392, to terminate foster care placement and return custody of one of petitioner's children to the child's mother.

Petitioner, the father of Arthur (born in 1990) and Kyle (born in 1991), is currently incarcerated as a result of various 1993 felony convictions stemming from a sexual assault of his estranged wife (hereinafter the mother). Shortly after sentencing, petitioner and the mother stipulated to a modification of their custody and visitation agreement so that petitioner could, among other things, communicate in writing and have periodic visitation with the children. In 1997, petitioner and the mother agreed to a new visitation order wherein the children would have three supervised visits with petitioner, after which the children would undergo mental health evaluations to determine whether such visitation was harmful to them. However, before that process was completed, the mother moved with the children to another state and asked prison officials to prevent petitioner from contacting her. Thereafter, petitioner commenced a proceeding against the mother, by order to show cause dated June 1998, seeking, inter alia, visitation with the children.

In August 1998, the mother voluntarily placed the children in the care and custody of respondent. As a result, respondent was joined as a party to the proceeding, the mother was removed as a party and, subsequently, Family Court dismissed all demands for relief pertaining specifically to the mother. Following an April 1999 fact-finding hearing on visitation, the court found that visitation with petitioner would be harmful to the children and dismissed the petition. Petitioner appeals this order.

During the pendency of this initial appeal, petitioner made additional applications to Family Court, including two petitions to compel respondent to provide counseling and other services to him to facilitate future visitation, motions for recusal and for a new attorney, and a family offense petition against respondent on behalf of Arthur. Each application was dismissed, prompting additional appeals. Furthermore, petitioner appeals from two

orders of Family Court stemming from the mother's voluntary placement of the children into foster care, one denying petitioner notice of future placement review proceedings and the other terminating Arthur's placement, resulting in the return of custody to the mother.*

The paramount issue herein is the propriety of Family Court's 1999 order denying petitioner visitation. Although "a parent's incarceration, standing alone, is not a sufficient basis upon which to deny visitation" (*Matter of Hadsell v Hadsell*, 249 AD2d 853, 853 [1998], *lv denied* 92 NY2d 809 [1998]; *see Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]), denial of visitation is justified where there is substantial evidence that visitation may prove harmful to the children (*see Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]; *Matter of La Rue v Crandall*, 254 AD2d 633, 634 [1998]; *Matter of Hadsell v Hadsell, supra* at 853). In making such a determination, we note that "the propriety of visitation is generally left to the sound discretion of Family Court whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (*Matter of Williams v Tillman, supra* at 885).

Here, Family Court credited the testimony of a social worker with the Delaware County Mental Health Clinic and a caseworker with the Delaware County Mental Health Family and Children Services, who both opined, based upon their evaluations of the children, that visitation at that time would be harmful. Notably, both testified that the children were doing well in their new foster homes and opined, inter alia, that visitation with petitioner could potentially undermine the children's sense of stability in their foster homes (*cf. Matter of Scott JJ.*, 280 AD2d 4, 11-12 [2001]; *Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, 909 [1992], *lv denied* 81 NY2d 706 [1993]). In view of these uncontroverted professional opinions, we conclude that Family Court's 1999 determination to deny petitioner visitation at that time had a sound and substantial basis in the record and must be affirmed.

We turn next to the petitions to compel respondent to provide services to petitioner, pursuant to Social Services Law § 384-b, to facilitate future visitation with his children. Family Court viewed these demands as being in the nature of mandamus, found that such claims could only be brought by CPLR article 78 proceedings in Supreme Court and dismissed them for lack of subject matter jurisdiction. Assuming, without deciding, that

---

* It appears from the record that the custody of Kyle has also been returned to the mother.

Family Court did indeed have jurisdiction over petitioner's claims, we, nonetheless, conclude that such claims were properly dismissed. Petitioner sought to have respondent provide psychological and other services pursuant to Social Services Law § 384-b (7) (f) (5), which requires authorized agencies to make "suitable arrangements" for visitation with incarcerated parents, including "providing or suggesting" services to resolve problems impeding such visitation, when visitation with the incarcerated parent is in a child's best interest. However, because Family Court had previously determined that visitation was not in the children's best interests, respondent was not required, under this particular statutory provision, to provide services to facilitate such visitation (*see* Social Services Law § 384-b [7] [f] [5]).

Petitioner's remaining claims, to the extent preserved, have been considered and found to be unavailing.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.

