■ PAMELA B. RODMAN, Appellant, v ROBERT H. FRIEDMAN, Respondent. [826 NYS2d 1]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered April 24, 2006, which, inter alia, found plaintiff mother had alienated the child from defendant father, set a schedule for future self-executing fines against plaintiff for any possible violations of court orders, and ordered her to pay defendant $10,000 in counsel fees, unanimously affirmed, without costs.

The court, which has presided over this matter since 1999, properly exercised its discretion in considering the best interests of the child by declining to hold plaintiff in contempt and in instead imposing fines should she fail again to abide by the court's orders regarding visitation and therapy (*see Matter of Pignataro v Davis*, 8 AD3d 487 [2004]). The court also properly exercised its discretion in ordering plaintiff to pay defendant's legal fees incurred as a result of her failure to abide by prior

orders (Domestic Relations Law § 237 [b]; *see State of New York ex rel. Gerstein v Gerstein*, 302 AD2d 447 [2003]).

Contrary to plaintiff's contentions, no hearing was required where the court had sufficient information with which to make a comprehensive, independent review of the best interests of the child (*Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999], *lv denied* 94 NY2d 782 [1999]). The court based its finding that the mother had alienated the child from the father not simply on the forensic report, but also on its in camera interview with the child, another forensic report, and numerous documents, interviews and court appearances.

Plaintiff's remaining contentions are unavailing. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.