■ In the Matter of ANTHONY MM., Appellant, v RENA LL. et al., Respondents. (Proceeding No. 1.) In the Matter of RENA LL., Respondent, v BETTY MM. et al., Respondents, and ANTHONY MM., Appellant. (Proceeding No. 2.) [827 NYS2d 707]—

Rose, J. Appeals (1) from an order of the Family Court of Broome County (Charnetsky, J.), entered June 30, 2005, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of visitation, and (2) from an order of said court, entered August 5, 2005, which, inter alia, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify an order of custody.

Rena LL. (hereinafter the mother) and Anthony MM. (hereinafter the father) are the biological parents of Mashonna LL., Anthony NN. (hereinafter Anthony) and Tashonna MM. (born in 1998, 2001 and 2002, respectively). Anthony and Tashonna were adjudicated as neglected in 2003 and were eventually placed in the custody of their paternal grandmother, respondent Betty MM. Mashonna is currently in the custody of respondent Broome County Department of Social Services (hereinafter DSS), and she has been placed in a therapeutic foster home in Onondaga County.

In November 2004, the father, who has been incarcerated since December 2003, commenced proceeding No. 1 seeking visitation with Mashonna at his correctional facility in Livingston County. The mother commenced proceeding No. 2 seeking the return of Anthony and Tashonna. In proceeding No. 1, Family Court dismissed the father's application for visitation based solely upon DSS's inability to provide transportation and supervision needed for such visits. In proceeding No. 2, the Law

Guardian and DSS ultimately stipulated to the return of Anthony and Tashonna to the mother's custody, subject to various conditions and services. Accordingly, Family Court granted the mother's application for custody. These appeals by the father ensued.

In proceeding No. 1, Family Court found that, due to departmental regulations, DSS would be unable to provide transportation for the child and supervision during the limited times for visits available at the facility where the father was incarcerated (*see Matter of Williams v Broome County Dept. of Social Servs.*, 289 AD2d 883, 884 [2001]). When asked at the hearing, the father was unable to suggest anyone else who could provide transportation and supervision. While he now argues that the child's foster parents could have been required to provide the needed transportation and supervision, the issues of the availability and appropriateness of such an arrangement are unpreserved as they were raised for the first time on appeal (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]; *Matter of Baxter v Perico*, 288 AD2d 717, 718 [2001]; *Matter of Karl L.*, 224 AD2d 841, 843 [1996]). The proper remedy would be to present such an option in a new petition, upon which Family Court then could determine its feasibility and whether such visitation would be in the child's best interests. The father's remaining contentions as to visitation have been considered and found to be lacking in merit.

As for proceeding No. 2, the father contends that he was denied the opportunity to offer testimony in opposition to the mother's application for custody. We cannot agree. While an evidentiary hearing generally is necessary to determine whether modification of a prior custody order is warranted (*see Matter of Folsom v Folsom*, 12 AD3d 962, 963 [2004]), such a hearing is not mandated where, as here, "the court is possessed of sufficient information with which to make a comprehensive, independent review of the best interests of the children" (*Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999], *lv dismissed and denied* 94 NY2d 782 [1999]; *see Rodman v Friedman*, 33 AD3d 400, 400 [2006]; *Matter of Folsom v Folsom, supra*). In addition, the father was afforded an opportunity to voice his objections to the proposed custody stipulation on the record. Inasmuch as his expressed concerns regarding the mother's ability to comply with the conditions to be imposed on her custody were vague and inconsistent, and he later abandoned his opposition, we cannot say that Family Court erred in making its custody determination.

Carpinello, J.P., Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.