■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY L. CONKLIN JR., Respondent. [826 NYS2d 804]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 27, 2005, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant pleaded guilty to attempted robbery in the second degree with the understanding that he would be sentenced as a second felony offender to a statutory minimum prison term of three years followed by five years of postrelease supervision (*see* Penal Law § 70.45 [2]; § 70.06 [6] [c]). At the time of the plea, County Court granted defendant's request to be released on his own recognizance pending sentencing, with the admonishment that should defendant not appear for sentencing or be arrested or charged with another crime, he would be sentenced to seven years in prison. Thereafter, defendant did not appear for sentencing and a bench warrant was issued.

Ultimately, defendant was arrested in North Carolina and brought back to Broome County. He explained that he did not appear for sentencing because he was trying to have a tattoo removed from his neck since it incited a gang to assault him and, therefore, he feared for his safety in prison. County Court gave defendant two options—be sentenced to five years in prison or elect to have a hearing to present evidence as to why he did not appear for sentencing. Significantly, when explaining about the hearing, the court stated that "[a]t the end of the hearing,

[it] may change [its] mind [and] go back to three years." At no time during this appearance was the possibility of the original seven years of imprisonment mentioned. Defendant elected to have a hearing and provided testimony regarding his tattoo and reasons for not appearing at sentencing. County Court, finding no legitimate basis for defendant's nonappearance and considering his prior criminal history, imposed the maximum prison sentence of seven years followed by five years of postrelease supervision, resulting in this appeal.

As a result of defendant's failure to appear at sentencing, County Court was no longer bound by the plea agreement and the imposition of an enhanced sentence was permitted (*see People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Diaz*, 264 AD2d 879, 880 [1999], *lv denied* 94 NY2d 879 [2000]). Nevertheless, while it is true that defendant was originally informed at the time of the plea that his failure to appear could result in an enhanced sentence of seven years, County Court's comments upon defendant's return to Broome County could have been interpreted to mean that defendant would receive five years in prison unless the evidence explaining his nonappearance warranted a lighter prison term. Given defendant's apparent confusion over the range of possible sentences that the court might impose following a hearing, under the particular circumstances herein, we deem it appropriate to reduce defendant's prison sentence to five years in the interest of justice.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to five years in prison followed by five years of postrelease supervision, and, as so modified, affirmed.