■ In the Matter of MARK S. TANNER, Appellant, v DEBORAH TANNER, Respondent. [826 NYS2d 503]—

Mercure, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered January 12, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

The parties are the parents of Lucas (born in 1999). They resided together with the child until he was approximately three years old. Since that time, the child has resided with respondent, the mother. Petitioner, an inmate in the Broome County

jail when this proceeding was commenced, asserts that the parties separated pursuant to an agreement in 2004 but there has been no judicial declaration of the parties' respective custody and visitation rights. In this proceeding, commenced pro se, he seeks visitation with Lucas. Family Court dismissed the petition without a hearing, noting that petitioner was incarcerated when the parties were married and is again incarcerated, and rejecting as insufficient petitioner's allegation that continuing his loving relationship with his son was in the child's best interest. Petitioner appeals, arguing that Family Court erred in dismissing the petition without a hearing. We agree.

"Visitation by a noncustodial parent is presumed to be in the child's best interest and should be denied only in exceptional situations, such as where substantial [proof] reveals that visitation would be detrimental to the welfare of the child" (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004] [citation omitted]; *see Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]; *Matter of Hadsell v Hadsell*, 249 AD2d 853, 853 [1998], *lv denied* 92 NY2d 809 [1998]). This presumption favoring visitation exists even where the parent is incarcerated (*see Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]; *Matter of Rogowski v Rogowski*, 251 AD2d 827, 827 [1998]). In light of the presumption favoring visitation, lack of any prior order regarding custody and visitation, petitioner's allegations that he formerly resided and had a meaningful relationship with the child, and the lack of sufficient information before Family Court to permit a comprehensive, independent review of the child's best interest, we agree with petitioner that the court erred in dismissing the petition without a hearing (*see Matter of Frierson v Goldston, supra* at 614; *Matter of Davies v Davies*, 223 AD2d 884, 886-887 [1996]; *Matter of Damien X.*, 217 AD2d 762, 763-764 [1995]; *cf. Matter of Melissa FF.*, 285 AD2d 682, 683 [2001]; *Matter of Hadsell v Hadsell, supra* at 854). Accordingly, we remit this matter to Family Court for a full evidentiary hearing to determine the best interest of the child.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.