■ In the Matter of John W. Folsom Jr., Appellant, v Khalida Swan, Respondent. [836 NYS2d 738]—

Mercure, J.P. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered March 17, 2006, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order.

Petitioner, who is incarcerated, is the father of two sons, John (born in 1989) and Dwight (born in 1992). In a prior decision, this Court affirmed a January 2003 Family Court order directing the children's Law Guardian to screen all correspondence from petitioner to the children and to forward only "child appropriate" correspondence (*Matter of Folsom v Folsom*, 12 AD3d 962, 963 [2004]).* In a revised order issued in March 2004, Family Court continued the screening requirement and directed that respondent, the children's mother, ensure that the children reply to petitioner's correspondence. Petitioner subsequently commenced this proceeding, seeking elimination of the screening requirement. Respondent consented to the proposed

* A more thorough recitation of the underlying facts of this matter may be found in two prior decisions of this Court (*Matter of Folsom v Folsom*, 286 AD2d 830 [2001], *lv denied* 97 NY2d 606 [2001]; *Matter of Folsom v Folsom*, 262 AD2d 875 [1999]).

modification and the Law Guardian agreed that then 16-year-old John's correspondence need no longer be screened, but asserted that it was not in then 13-year-old Dwight's best interests to receive unscreened correspondence from petitioner. Following a *Lincoln* hearing, Family Court modified its March 2004 order to permit, among other things, petitioner to have unfettered communication with John. The court dismissed that part of the petition that sought modification with respect to Dwight. Petitioner appeals and we now affirm.

This Court has repeatedly held that " '[a] modification of an established custodial [or visitation] arrangement will be granted only after a showing of a substantial change in circumstances warranting a change in order to [safeguard] the best interests of the child' " (*Matter of Adams v Franklin*, 9 AD3d 544, 545 [2004], quoting *Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]). Here, petitioner asserts, as a change in circumstances, that Dwight has matured and does not want anyone reading their correspondence. In our view, however, Family Court properly determined that no change in circumstances had been demonstrated after considering Dwight's maturity and feelings, the Law Guardian's opposition to the petition insofar as it concerned Dwight, and petitioner's failure to offer an explanation for continuing to write inappropriate letters to Dwight or to seek help in improving his parenting skills and gaining insight into his anger management problems (*see Matter of Cooke v Miller*, 300 AD2d 959, 960 [2002]; *see also Matter of De Cicco v De Cicco*, 29 AD3d 1095, 1096-1097 [2006]; *Matter of Kryvanis v Kruty*, 288 AD2d 771, 772-773 [2001]). Petitioner's argument that the screening requirement violated his constitutional rights is lacking in merit (*see Matter of Fargnoli v Faber*, 105 AD2d 523, 525 [1984], *appeal dismissed* 65 NY2d 631 [1985]), and he has no standing to assert his claim regarding alleged violations of Dwight's constitutional rights (*see Matter of Harriet II. v Alex LL.*, 292 AD2d 92, 95 [2002]; *Matter of Eulo v Walker*, 277 AD2d 547, 547 [2000]).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.