■ In the Matter of STANLEY L. CONKLIN JR., Appellant, v MARICELA HERNANDEZ, Respondent. [837 NYS2d 419]—

---

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 15, 2006, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.

Petitioner and respondent, who were never married, are the parents of a son (born in 2002) and a daughter (born in 2004). The parties lived together continuously beginning in January 2001 until November 2004,[1] when petitioner was arrested and later pleaded guilty to attempted robbery in the second degree. In July 2005, he was sentenced to a seven-year prison sentence, later reduced on appeal to five years (*People v Conklin*, 35 AD3d 1034 [2006]). Respondent brought the children—then one and three—for a visit with petitioner at the Broome County jail, just before he was transferred to the Wyoming Correctional Facility in Wyoming County; he has not seen them since. In January 2006, petitioner petitioned for visitation with the children.

Family Court held a hearing in March 2006 at which petitioner appeared pro se,[2] having acknowledged paternity of his daughter at the initial appearance, and testified. Respondent also testified. Family Court issued an order which, among other things, denied petitioner's request for visitation and awarded respondent custody, but subsequently, at petitioner's request, reinstated the petition, assigned counsel to represent him and held a new hearing in May 2006. Following that hearing—at which the parties again testified and the children continued to be represented by a Law Guardian—Family Court again granted respondent sole custody and denied petitioner's request for in-person visitation at the prison, but granted him the right to communicate with them by mail and directed respondent to provide updates regarding the children at least six times per year. Petitioner now appeals.

---

1. Petitioner was incarcerated in 2002 on aggravated unlawful operation of a motor vehicle in the first degree and later violated probation and served seven more months in prison in late 2002.

2. As a "petitioner" for visitation and presumably paternity, petitioner had no statutory right to counsel (*see* Family Ct Act § 262 [a] [iii], [viii]). If he were a respondent in a custody matter (no one petitioned for custody but both times Family Court awarded respondent sole custody, which petitioner did not contest), he would have been entitled to counsel (*see Matter of Edwards v Cade*, 33 AD3d 1087, 1088-1089 [2006]).

It is a well-established principle that " '[v]isitation by a noncustodial parent is presumed to be in the child's best interest and should be denied only in exceptional situations, such as where substantial [proof] reveals that visitation would be detrimental to the welfare of the child' " (*Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006], quoting *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). "Although the incarceration of a noncustodial parent shall not, by itself, preclude visitation with his or her child, a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest" (*Matter of Ellett v Ellett*, 265 AD2d 747, 747 [1999] [citations omitted]; *see Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]). Further, " 'the propriety of visitation is generally left to the sound discretion of Family Court whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record' " (*Matter of Edward S. v Moon, supra* at 836, quoting *Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]).

Here, we find that, despite petitioner's earnest efforts to secure in-person visitation with his children, Family Court's determination—that under the circumstance presented, it would not be in their best interests—is supported by the record. Petitioner has minimal financial resources and no family or friends who could willingly assist in providing transportation or supervision of these young children or financial assistance to accomplish visitation (*see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]). Respondent, a single mother with four children, works full time earning nominal wages; she does not have a car or the financial resources, nor family or friends, to help with the five to eight-hour round trip from the City of Binghamton, Broome County, where she lives, to Wyoming County, where petitioner is incarcerated, a one-way distance of about 175 miles. While petitioner offered to use his inmate salary to pay for their bus transportation—$10 per person—through the Broome County Prison Ministry (the duration of an entire trip is not in the record), he offered no proposal for how respondent would care for her other two children or pay other travel-related expenses, and was unable to suggest anyone suitable, other than respondent, who could accompany and supervise his children (*see Matter of Anthony MM. v Rena LL., supra* at 1172; *cf. Matter of Rose v Eveland*, 241 AD2d 638, 640 [1997]). Although respondent did not oppose visitation, she did not want to have contact with petitioner or participate in the visitation, citing their volatile relationship and the hostility that petitioner directed toward her

after the court's initial decision; indeed, Family Court found her opposition to be justifiable. She conceded that petitioner had bonded with his son who was 2½ years old when petitioner last lived with them, prior to his current incarceration, but the daughter, only a four-month-old infant at that time, does not know petitioner and respondent was understandably not comfortable sending them with a stranger.

Under all of the circumstances, including the young ages of the children, the significant travel distance, logistics and expense, respondent's justifiable opposition to having contact with petitioner, the lack of a preexisting relationship with the youngest child, and the parties' lack of resources or appropriate third-party assistance, we find that Family Court's denial of visitation, after a full opportunity to be heard, has a sound and substantial basis in the record (*see Matter of Tanner v Tanner, supra* at 1103; *Matter of Edward S. v Moon, supra* at 836; *Matter of Ellett v Ellett, supra* at 748; *Matter of Williams v Tillman, supra* at 885). The record supports the court's conclusion that petitioner had no reasonable, feasible plan to facilitate the requested visitation and that compelling petitioner to undertake the travel arrangements and have contact with petitioner was not reasonable or appropriate. Notably, the denial was not premised merely on an arbitrary opposition to visitation or its cost and inconvenience (*cf. Matter of Rhynes v Rhynes,* 242 AD2d 943, 944 [1997]) but, rather, on the unavailability of any appropriate arrangement to accomplish physical visitation under these circumstances (*see Matter of Anthony MM. v Rena LL., supra* at 1172; *Matter of Williams v Tillman, supra* at 886). Mail communication and updates are provided for and, as the court suggested, if petitioner is transferred to a facility in closer proximity to his children, or the parties' financial circumstances substantially improve or a suitable adult were to be identified by the parties who could provide the necessary supervision and transportation, petitioner could re-petition for a modification of visitation at a later date (*see Matter of Anthony MM. v Rena LL., supra* at 1172; *Matter of Ellett v Ellett, supra* at 748).

Finally, we have reviewed and find meritless petitioner's claim that he was denied the effective assistance of counsel when Family Court failed to schedule a prehearing conference between him and his assigned counsel. This claim is unpreserved and, in any event, petitioner had ample opportunity to correspond with counsel in advance of the hearing to explore travel arrangements. Indeed, counsel actively participated in the second hearing, and no prejudice is apparent on this record (*see Matter of Jonathan LL.,* 294 AD2d 752, 753 [2002]; *Matter of*

*Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]; *cf. Matter of Mitchell v Childs*, 26 AD3d 685, 687 [2006]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that order is affirmed, without costs.