In the Matter of MARGARET L. ALBANESE, Respondent, v ANDREW ALBANESE, SR., Appellant. [844 NYS2d 150]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 12, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent have been married approximately 20 years and are the parents of a son born in 1997 (hereinafter the child). In early 2004, apparently due to the parents' drug use, the child was removed by the Chenango County Department of Social Services (hereinafter DSS) from their home and placed in the custody of the child's adult half brother and his wife, Frank Albanese and Barbara Albanese. Respondent reportedly visited the child daily until his incarceration in April 2004,

upon his arrest and later conviction for criminal possession of stolen property, for which a 2 to 6-year sentence was imposed (*see People v Albanese*, 38 AD3d 1015 [2007], *lv denied* 8 NY3d 981 [2007]). Petitioner reportedly completed drug treatment and parenting services recommended by DSS and, in August 2005, was granted joint custody with the Albaneses, who were given and have exercised visitation with the child every two weeks, with primary physical custody to petitioner. That order is not in the record on appeal.*

In January 2006, petitioner sought to modify that custody/visitation order seeking sole, full custody with continued visitation with the Albaneses, to which they stipulated. Respondent opposed the petition, requesting visitation. After a hearing and by decision and order dated April 12, 2006, Family Court relieved the Albaneses of their joint custodial status and directed that custody remain with petitioner pending the hearing on respondent's opposition to the petition and his request for visitation.

At the June 2006 hearing, only the parties testified. Petitioner sought sole custody; respondent, who remained incarcerated, requested visitation, ultimately waiving his earlier request for joint custody. Petitioner testified that her son had lived with her the past year, during which she took him every two weeks to visit the Albaneses. She has not taken the child to visit respondent, who the child has not seen since his incarceration in April 2004, reportedly due to financial constraints and transportation difficulties; she has, however, sent respondent monthly envelopes containing the son's cards, pictures, report cards, and the like. She confirmed that, prior to his incarceration, the child had enjoyed a "good" relationship with his father, hindered only by respondent's drug use. She is agreeable to the child visiting respondent, provided it is accomplished by means of free bus transportation that respondent reported was available, to be supervised by his paternal grandmother (or another agreed-upon paternal relative). Petitioner also indicated that she would be willing to undertake the trip with the child depending upon the cost, if any, to her.

Respondent testified that he previously enjoyed a close relationship with the child, with whom he does not want to lose

---

* Ordinarily, the failure to include the order sought to be modified in Family Court would result in a finding that an incomplete record has been submitted (*see Matter of Pratt v Anthony*, 30 AD3d 708 [2006]). Here, there is no dispute that the August 2005 order resulted in petitioner obtaining joint custody with the Albaneses (who also received visitation) and physical custody, and no indication that any award of visitation to respondent was made.

contact, and requested monthly visitation. As his financial resources consist only of $5.80 earned every two weeks in prison, he proposed use of the free bus although he did not have any detailed information. At the close of the hearing, petitioner's counsel requested sole custody and did not oppose visitation; respondent's counsel requested "some sort of visitation," and the Law Guardian advocated in favor of sole custody for petitioner and monthly visitation with respondent, with transportation responsibility to alternate monthly between the parties' families.

Ruling from the bench, Family Court stated on the record that the limited issue before it was custody, which was awarded to petitioner, and held that respondent is entitled to "reasonable visitation as the parties may agree to consist solely of mail visitation," i.e., no in-person visitation. In its subsequent written order, the court directed that respondent "shall have reasonable visitation . . . as the parties can agree, and in the minimum he shall have mail contact." Respondent now appeals, arguing that he was deprived of a fair trial and should have been awarded in-person visitation, contentions also advocated on appeal by the Law Guardian.

As an initial matter, we have reviewed the entire record and do not find that respondent was denied a fair trial by either Family Court's conduct or its remarks. With that said, we do not condone the frequent and unprovoked intemperate and denigrating remarks directed at respondent by the court, which were clearly inappropriate and served only to undermine "public confidence in the integrity, fair-mindedness and impartiality of the judiciary" (*Matter of Esworthy*, 77 NY2d 280, 282 [1991]). Inasmuch as respondent had an unquestioned, fundamental statutory right to be represented by counsel in these proceedings (*see* Family Ct Act § 262 [a]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001]), he should not have been chastised by the court for exercising that right and "wasting [the court's] time" at the initial hearing.

Turning to the denial of visitation, while respondent did not file a formal petition for visitation as he was advised he could do, petitioner's modification petition clearly reflected that it related to both custody and visitation of the child; respondent at all times appeared in opposition to that petition, requested visitation and, at the outset of every appearance, it was stated that both custody and visitation were in issue. Thus, as all parties were on notice of the foregoing and the issue of in-person visitation was in fact litigated by all, we cannot agree with Family Court's bench-ruling statement that because only petitioner's

"custody petition" was pending, the only issue before the court was custody.

Turning to respondent's visitation request, under established principles, "[v]isitation by a noncustodial parent is presumed to be in the child's best interest and should be denied only in exceptional situations, such as where substantial evidence reveals that visitation would be detrimental to the welfare of the child" (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]; *see Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]; *Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]). No such proof was adduced here, where petitioner's testimony and the child's Law Guardian both supported in-person visitation. That presumption exists despite respondent's incarceration, which should not, by itself, preclude visitation in the absence of any evidence that it would not be in the child's best interests (*see Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]; *Matter of Ellett v Ellett*, 265 AD2d 747, 747 [1999]; *see also Matter of Conklin v Hernandez*, 41 AD3d at 910). Despite the parties' limited resources and the minimal details offered by respondent regarding his plan to use a reportedly available free bus service, the record supports the conclusion that in-person visitation is viable and workable among these families, and would benefit the child (*cf. Matter of Conklin v Hernandez*, 41 AD3d at 910-911). As such, the court's denial of such unopposed in-person visitation is " 'lacking a sound basis in the record' " (*Matter of Edward S. v Moon*, 7 AD3d at 836, quoting *Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]; *cf. Matter of Trombley v Trombley*, 301 AD2d 890, 891 [2003]).

Accordingly, this matter is remitted to Family Court for further proceedings, as necessary, before a different judge to establish a permanent visitation order within the court's discretion based, among other factors, on updated information. In the interim, this Court will issue a temporary order granting respondent (1) in-person visitation with his son every other month commencing with November 2007, with respondent bearing the responsibility to make the necessary arrangements and pay any associated expenses, with the child to be accompanied either by petitioner, respondent's mother, or another adult agreed to by petitioner, and (2) monthly mail communication between the child and respondent through petitioner.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reversing so much thereof as awarded respondent unspecified minimal mail access and denied him in-person access to the child; matter remitted to the Family Court of Broome

County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, respondent is temporarily awarded bimonthly in-person access commencing in November 2007 to be arranged by and at the expense of respondent, and monthly mail communication with the child via petitioner; and, as so modified, affirmed.