In the Matter of JAMES W. NEWTON, Appellant, v TINA L. SIMONS, Respondent. [859 NYS2d 759]—

Kane, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 10, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.

Petitioner was released from prison, where his only contact with his children was through monitored writings four times per year. This contact was permitted under a prior, unrelated Family Court order; no order had previously been issued under Family Ct Act article 6. Soon after petitioner withdrew a petition seeking visitation with his children in exchange for the withdrawal of a family offense petition against him, he filed a new visitation petition. The petition alleged that he had completed mental health treatment and did not need further substance abuse treatment, but that his parole officer would not allow petitioner any contact with his children. Family Court dismissed the petition with prejudice, sua sponte and before any court appearances. Petitioner appeals.

Petitioner was required to establish that visitation would be in the children's best interests (*see Matter of Ward v Jones*, 303 AD2d 844, 846 [2003]), but visitation in some form is presumed to be in their best interests absent exceptional circumstances (*see Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]). Here, petitioner alleged that he was the father of two children and he completed treatment programs that were previously mandated by Family Court as a prerequisite to increased contact with his children. While conditions of parole prohibiting contact with the parolee's children may make visitation impossible (*see Matter of Zieran v Marvin*, 2 AD3d 870, 872 [2003], *lv denied* 2 NY3d 707 [2004]), petitioner did not delineate why or under what circumstances his parole officer denied contact. The court should have taken testimony concerning the programs that petitioner alleged that he completed, as well as the terms and conditions of his parole release, in order to ascertain the suitability of any contact between petitioner and his children. Considering the presumption favoring visitation, the lack of a prior order addressing custody or visitation and the allegations in the petition, petitioner was entitled to a hearing regarding whether visitation was appropriate (*see Matter of Tanner v Tanner*, 35 AD3d at 1103).

Although Family Court's decision relied upon other information known to the court through previous dealings with petitioner and his family—and such information indicated that visitation was unlikely to be in the children's best interests—we are unable to affirm dismissal of the petition because that information is not part of the record. Thus, further development of the record was required, making dismissal inappropriate prior to any appearance on or response to the petition.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.