■ In the Matter of ERIC C. MARSHALL, Appellant, v SIERRA P. BRADLEY, Respondent, et al., Respondent. (And Four Other Related Proceedings.) [874 NYS2d 598]—

Malone Jr., J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered March 12, 2007, which dismissed petitioner's applications, in five proceedings pursuant to Family Ct Act article 6, for, among other things, modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent Sierra P. Bradley (hereinafter the mother) are the parents of a daughter (born in 2005). In August 2006, Family Court issued an order directing that the mother and the maternal grandmother have joint custody of the child, and the father have visitation. In January 2007, following the filing of several violation and modification petitions by both parents, Family Court issued a custody order upon stipulation directing that the father and the mother share joint custody of the child and setting forth the visitation schedule to be followed. The father proceeded to file a petition for modification of the custody order as well as four other petitions for violation of visitation.[1]

During proceedings before Family Court, the parents agreed that the petitions would be withdrawn upon clarification of the father's visitation schedule and the mother's submission to a drug test, to which she consented. The mother's counsel, in turn, requested the father to undergo a drug test as well. After denying the father's request for new counsel, Family Court asked him if he was willing to take a drug test. When he refused, Family Court ended the proceedings by dismissing the pending petitions, terminating the visitation portion of the January 2007 custody order and directing the mother and father to work out visitation.[2] The father appeals.

Under the circumstances presented here, we are compelled to find that Family Court improperly dismissed the petitions and terminated the visitation portion of the January 2007 custody order. Preliminarily, we note that decisions concerning visitation are "left to Family Court's sound discretion and . . . will not be disturbed as long as there is a sound and substantial

---

1. The grandmother, who was named as a respondent in one of the violation petitions, has not appeared.

2. Family Court also issued an order directing the parents to submit to drug tests, from which no appeal has been taken.

basis in the record" (*Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]; *see Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]). Notably, the guiding inquiry in making such decisions is what is in the best interests of the child (*see Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007]; *Matter of Conklin v Hernandez*, 41 AD3d at 910). "Visitation by a noncustodial parent is presumed to be in the child's best interest and should be denied only in exceptional situations, such as where substantial evidence reveals that visitation would be detrimental to the welfare of the child" (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004] [citation omitted]; *see Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]).

In the case at hand, the record reveals that no inquiry was made into the best interests of the child prior to Family Court's dismissal of the petitions and termination of the January 2007 custody order governing visitation. Indeed, the transcript of the proceedings before Family Court discloses that the court and the parties discussed the proposed drug testing of the father and the mother as well as the father's request for new counsel, but that no mention was made of the child's best interests as they related to visitation. In addition, Family Court did not make any inquiry regarding the evidence supporting the violation or modification petitions. Rather, the court abruptly dismissed the petitions and terminated the visitation portion of the January 2007 custody order after the father indicated that he would not submit to a drug test. It is conceivable that the court relied upon information gleaned through prior dealings with the mother and father (*see e.g. Matter of Newton v Simons*, 52 AD3d 895, 896 [2008]). That, however, is not evident from the record before us. Consequently, the matter must be remitted to Family Court for further development of the record in this regard (*see id.*). Furthermore, given the absence of a law guardian representing the child's interests in the proceedings before Family Court, a law guardian must be appointed in connection with any further proceedings (*see Matter of Flores v DeAbreu*, 32 AD3d 1025, 1026 [2006]). In view of our disposition, we need not address the father's remaining claim.

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for the appointment of a law guardian to represent the interests of the child and for further proceedings not inconsistent with this Court's decision.