In the Matter of CHE WISE, Appellant, v OPAL BURKS, Respondent. [876 NYS2d 730]—

Rose, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered June 9, 2008, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

The parties are the unmarried parents of a child who was born in 2004 while petitioner (hereinafter the father) was incarcerated. After his release on parole in 2006 and subsequent return to prison for a parole violation, the father petitioned for visitation with the child, and respondent (hereinafter the mother) cross-petitioned for sole legal and physical custody. Following a hearing, Family Court dismissed the father's petition upon the Law Guardian's motion for summary judgment and granted the mother sole custody. The father now appeals the denial of visitation only.

In reviewing a denial of visitation, we defer to Family Court's credibility determinations and, where there exists a sound and substantial basis in the record, we generally do not disturb the court's findings (see *Matter of Jones v McMore*, 37 AD3d 1031, 1031-1032 [2007]; *Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]). Here, Family Court credited the mother's testimony that she had received threatening letters from the father while

---

he was in prison and the father had neither inquired as to the child's health or schooling nor attempted to contact or visit the child. In his testimony, the father admitted that he had never called the mother and asked to see the child, and he had never sent the child cards or presents or money for his care. Given the father's recurring criminal activity and incarceration, the absence of any prior contact and his lack of efforts to have a relationship with the child over a period of four years, Family Court did not err in concluding that visitation was not in the child's best interests (see Matter of Conklin v Hernandez, 41 AD3d 908, 910 [2007]).

As for to the father's contention that Family Court erred in admitting an uncertified drug test report showing that he tested positive for cocaine three months earlier, we find the report's admission to be harmless error. While we agree that the report did not qualify for admission under CPLR 4518 (c), Family Court did not cite the test results or the father's use of cocaine as a basis for its decision. Accordingly, we conclude that the error played no significant role in the court's determination, which is fully supported by the properly admitted evidence (see Matter of Bartlett v Jackson, 47 AD3d 1076, 1078 [2008], lv denied 10 NY3d 707 [2008]; Matter of Jelenic v Jelenic, 262 AD2d 676, 678 [1999]).

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.