■ In the Matter of FRANKLIN DAVIS et al., Respondents, v HERIBERTO PALACIO, Appellant. (And Another Related Proceeding.) [878 NYS2d 810]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered August 23, 2007, which, among other things, granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondent's child.

The child in this custody matter (born in 1999) has physical and developmental disabilities resulting from two strokes she suffered at birth. After her mother disappeared in 2000, respondent (hereinafter the father) was found to have neglected her and she was placed in the care of her maternal great aunt, who was awarded custody in April 2003. Among other things, the custody order provided that the father, who was then incarcerated and denied visitation, could petition for custody and visitation after being released from prison; the related dispositional order directed the father to complete anger management and parenting programs, as well as to participate in therapy.

After the great aunt died in 2006, petitioners, the child's uncle and maternal great uncle, petitioned for custody. The father opposed the custody petition and also sought visitation. Following a hearing, Family Court adopted the Judicial Hearing Officer's report recommendations granting joint legal custody to petitioners with primary physical custody to the uncle and denying the father's petition for visitation on the ground that he failed to establish a change in circumstances since the April 2003 order. On this appeal, the father's arguments center on his contention that Family Court functionally terminated his parental rights without due process by denying his request for visitation and awarding custody to petitioners who, he claims, oppose any contact between him and the child. We are not persuaded.

Where modification of an existing custody order is sought, a petitioner must establish "a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest" (*Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008] [internal quotation marks and citation omitted]; *see Matter of Folsom v Swan*, 41 AD3d 899, 900 [2007]). Here, while the circumstances of the child's custody were unquestionably altered by virtue of the great aunt's death, we do not find that to be a sufficient change to warrant modification of visitation in this proceeding. Importantly, at the time of the hearing, the father's circumstances had not changed at all. He remained incarcerated,* and while that fact, standing alone, would not preclude visitation (*see Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]; *Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]), we find it significant that he also failed to demonstrate successful completion of a parenting program or participation in therapy, both of which were required by the April 2003 order of disposition. Given the inappropriate nature of his past attempts to communicate with the child, as well as the content of other communication he has directed to the uncle, we deem his participation in such programs to be particularly relevant to visitation.

Finally, the record does not bear out the father's claim that petitioners oppose all contact with the child. Although the maternal great uncle indicated at the hearing that the child does not know the father and opined that telephonic contact would, therefore, not be "relevant," he did not evince opposition to all contact, instead stating that he wants whatever is best for the child. The uncle stated that if it was demonstrated that it was in the child's best interest to have contact with the father, he would not oppose it. In that regard, we note that petitioners have not challenged those portions of Family Court's order directing that the father may write letters to the child and ordering the uncle to send pictures of her to the father on a quarterly basis.

The father's remaining contentions have been considered and found to be without merit.

Mercure, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* The father was released from prison in 2004 but did not contact the child. He returned to prison on another conviction in 2005.