■ In the Matter of MICHAEL P. FLOOD, Respondent, v JANET F. FLOOD, Appellant. [880 NYS2d 748]—

Kane, J. Appeal from a corrected order of the Family Court of Albany County (Walsh, J.), entered September 7, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Under the parties' 2005 divorce decree, respondent (hereinafter the mother) was awarded sole legal and physical custody of their two daughters (born in 1996 and 1999). Petitioner (hereinafter the father) was granted telephone access at least once every 60 days and unlimited contact by mail. No visitation was awarded, mainly due to the father's incarceration for his conviction of robbery in the first degree, with his earliest possible release date occurring in 2014. In 2006, the father commenced this proceeding seeking monthly in-person visitation with his children. Following a hearing, Family Court granted the father four visits per year with both daughters. The mother appeals.

Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record (*see Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]). Here, the father wrote to his children almost weekly from prison, called when permitted by the mother and the prison, and had regularly cared for the children prior to his incarceration. The father was transferred from Attica Correctional Facility in Wyoming County to Coxsackie Correctional Facility in Greene County. While Attica is a considerable distance from the mother's home in Albany County, Coxsackie is approximately 30 miles away. This new location greatly reduced the transportation time and expenses associated with visitation. Considering the father's extensive involvement in the children's lives both before and after incarceration, coupled with his new close proximity to the children, he established a change in circumstances (*cf. Matter of Conklin v Hernandez*, 41 AD3d 908, 911 [2007]).

With a change in circumstances having been established, Family Court was then required to conduct a best interests analysis (*see Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]). "[T]he best interests of children generally lie with a meaningful relationship with both parents" (*Tait v Tait*, 44 AD3d 1142, 1143 [2007]). Visitation with a noncustodial parent is presumed to be in the children's best interests, although the presumption can be overcome with evidence that visitation would be detrimental to the children's welfare (*see Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]; *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). A parent's incarceration, by itself, does not vitiate this presumption (*see Matter of Albanese v Albanese*, 44 AD3d 1117, 1120 [2007]; *Matter of Tanner v Tanner*, 35 AD3d at 1103; *Matter of McCrone v Parker*, 265 AD2d 757, 757-758 [1999]). The father, who was the only witness at the hearing, testified that he regularly cared for the children before his incarceration, called when permitted by the prison and the mother, wrote the children letters almost weekly, and his relatives were willing to assist with transportation or reimburse the mother for the cost of transporting the children to visits. The father took steps while in prison to improve his life, including being elected chair of his Alcoholics Anonymous group, regularly attending Narcotics Anonymous to address the addiction which led to his incarceration, working in various prison jobs and attending the chapel program. The mother brought the children to visit the father in jail and prison several times before she filed for divorce, but those visits occurred quite some time prior to the filing of the instant petition.

While the children's wishes are not dispositive, they are one

factor for the court to consider (*see Matter of Miosky v Miosky*, 33 AD3d 1163, 1166-1167 [2006]; *see also Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]). Here, the Law Guardian for the older daughter originally informed Family Court that her client wanted monthly visitation, but later, after a visit between that child and the father, stated that the older daughter wanted visitation once per year. The Law Guardian for the younger daughter proffered that child's wishes not to see the father. The younger daughter also had not been participating in the court-ordered telephone visitation. Despite the older daughter's apparent change in position and the younger daughter's resistance to any contact with the father, neither Law Guardian nor either parent's attorney requested a *Lincoln* hearing. Such a hearing would have been helpful for Family Court to determine the older daughter's actual desires and whether her preference for visitation was the result of her recent visit with the father, improper influence by the mother or some other cause. Additionally, the court could have determined why the younger daughter did not want visitation and why she refused to talk to the father on the telephone. In light of the limited evidence at the hearing, the children's ages, their apprehension regarding visitation, change in position and the requirement that visitation take place inside a state prison, discovering this information regarding the children's wishes and their reasons for those wishes would have been helpful to the court's determination of what was in their best interests. Because we feel that a *Lincoln* hearing was appropriate, and that the record is bereft of evidence as to why the Law Guardians failed to request one, we remit for such a hearing. The current order should remain in effect pending Family Court's order following a *Lincoln* hearing.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the corrected order is reversed, on the facts, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.