■ In the Matter of ADAM D. GOLDSMITH, Appellant, v ADRIANA C. GOLDSMITH, Respondent. [889 NYS2d 326]—

Garry, J.

The parties were married in 2002 and are the parents of one daughter, born in October 2006. They separated in July 2007, shortly before petitioner (hereinafter the father) began serving a prison term of 20 years upon a conviction for kidnapping. In February 2008, Family Court entered an order on consent granting sole custody of the child to respondent (hereinafter the mother) and obligating the mother to send quarterly status reports and photographs of the child to the father. The father commenced this modification proceeding in May 2008 seeking visitation with the child. After a fact-finding hearing, the court denied the father's petition, finding that visitation at the prison was not in the child's best interests. The father now appeals.

As a threshold matter, although Family Court did not address the issue, the father did not demonstrate a change of circumstances warranting modification of the visitation order in the child's best interests (*see* Family Ct Act § 467 [b] [ii]). His claim that the child was older than she had been when the consent order was entered and thus better able to withstand the travel to the prison was insufficient to meet his burden in this regard (*see Matter of Folsom v Swan*, 41 AD3d 899, 900 [2007]; *Matter of Reese v Jones*, 249 AD2d 676, 677 [1998]).

Even if the father had met this burden, the record supports Family Court's determination that visitation was not in the child's best interests. The father's incarceration, standing alone, does not preclude his right to visitation (*see Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]). As the court noted, the father had been involved in caring for his daughter during her infancy, until she was 11 months of age. The record further reveals that he has made earnest efforts during his incarceration to maintain written communication with her. Under the father's proposal, however, the two-year-old child would have been required to undertake a trip of approximately three or more hours one way to the state prison, transported by relatives who are virtual strangers to her. At the time of the hearing, she had not had any direct contact with her father for approximately 15 months. According the requisite deference to the court's findings, its discretionary determination that visitation was not in the child's best interests has a sound basis in the record (*see Matter of Cole v Comfort*, 63 AD3d 1234, 1235-1236 [2009], *lv denied* 13 NY3d 706 [2009]; *Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007]; *Matter of Williams v Tillman*, 289 AD2d 885, 886 [2001]; *Matter of Ellett v Ellett*, 265 AD2d 747, 748 [1999]).

Mercure, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.