██ In the Matter of Scott A. Bunger, Appellant, v Amanda J. Barry et al., Respondents. [931 NYS2d 164]—

Peters, J.

Petitioner (hereinafter the father) and respondent Amanda J. Barry (hereinafter the mother) are the parents of a daughter (born in 1997). Respondent Phyllis Burns is the child's maternal grandmother and Maxine Bunger is the child's paternal grandmother. Two years after the child's birth, the father was sentenced to a 12-year prison term based upon his convictions of rape in the first degree and attempted sodomy in the first degree. He was released from prison in September 2009, but reincarcerated two weeks later upon a parole violation. In November 2009, all of the parties appeared in Family Court and stipulated to an order providing that the mother and both grandmothers would share joint custody of the child, with the child's primary residence to be with Burns. The order also permitted the father to communicate with the child.

In February 2010, while incarcerated, the father commenced this modification proceeding seeking face-to-face visitation with the child. Following a fact-finding hearing, Family Court found that the father had failed to demonstrate a change in circumstances that would warrant modification of the visitation order and dismissed the petition. The father appeals, and we affirm.

"As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (Matter of Taylor v Fry, 63 AD3d 1217, 1218 [2009] [citations omitted]; accord Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [2011]; Matter of Braswell v Braswell, 80 AD3d 827, 829 [2011]). Here, the father's petition alleged only that "[i]t would be in the child's best interest . . . to have visitation so that [they] may continue [their] relationship," and the evidence adduced at the hearing fell far short of establishing a change of circumstances since the November 2009 order. In that regard, we find no support in the record for the father's contention that his relationship with the child had developed since the prior order. To the contrary, the testimony established that he has never had any significant contact with

the child. Furthermore, the father continues to be incarcerated, and the fact that he is scheduled to be released from prison in 36 months does not constitute a change in circumstances (*compare Matter of Kowatch v Johnson*, 68 AD3d 1493, 1494 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Powell v Blumenthal*, 35 AD3d 615, 616 [2006]). Thus, Family Court properly dismissed the petition (*see Matter of Glazier v Brightly*, 81 AD3d 1197, 1198 [2011]; *Matter of Goldsmith v Goldsmith*, 68 AD3d 1209, 1210 [2009]; *Matter of Dann v Dann*, 51 AD3d 1345, 1347 [2008]).

Nor are we persuaded that the father was denied the effective assistance of counsel when his attorney agreed to waive the initial appearance and proceed directly to a fact-finding hearing. The father had ample opportunity to correspond with counsel in advance of the hearing, and nothing in the record suggests that more time was needed to prepare for it. Indeed, counsel actively participated in the hearing, making appropriate objections and conducting a direct and redirect examination of the witnesses. Under the totality of the circumstances presented herein, we find that the father was afforded meaningful representation (*see Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]; *Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267 [2010], *lv dismissed* 15 NY3d 943 [2010]).

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.