# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

304

CAF 12-00442

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ARIANNA M., GAUGE M. AND
DYLAN C.
--------------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

BRIAN M., RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

CARACCIOLI & ASSOCIATES, PLLC, WATERTOWN (IRIS YAO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

LISA A. PROVEN, ATTORNEY FOR THE CHILDREN, WATERTOWN, FOR DYLAN C.,
GAUGE M. AND ARIANNA M.

---

Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered February 21, 2012 in a proceeding
pursuant to Family Court Act article 10.  The order determined that
respondent had abused and neglected the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order of fact-
finding and disposition determining that he sexually abused and
neglected two of his children and derivatively neglected another
child.  Contrary to the father's contention, the findings of abuse and
neglect are supported by a preponderance of the evidence (*see Matter
of Merrick T.*, 55 AD3d 1318, 1318; *Matter of Stephanie B.*, 245 AD2d
1062, 1062).  We accord great weight and deference to Family Court's
determinations, "including its drawing of inferences and assessment of
credibility," and we will not disturb those determinations where, as
here, they are supported by the record (*Matter of Shaylee R.*, 13 AD3d
1106, 1106).  We agree with the father that the court erred in
admitting in evidence the written report of a social worker who
performs sexual abuse assessments because it contained prior
consistent statements that bolstered her trial testimony (*see
generally Aurnou v Craig*, 184 AD2d 1048, 1049).  We conclude, however,
that the error is harmless inasmuch as it does not appear from the
court's decision that the court relied on the report (*see Matter of*

*Wise v Burks*, 61 AD3d 1058, 1059).

Entered:  April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court