McCarthy, J.E
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered December 24, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent and his wife were responsible for the care of three children, Luka OO. (bom in 2007), Logan PP. (born in 2010) and Taylor QQ. (born in 1996).[1] Petitioner commenced this proceeding alleging that respondent neglected the children by exposing them to incidents of domestic violence that included screaming, loud obscenities and physical violence. A similar proceeding was commenced against his wife. Family Court issued temporary orders of protection that, while allowing the children to remain in the custody of either respondent or his wife, prohibited either adult from being in the presence of the children while the other adult was also present. To comply with these orders, respondent moved into a relative’s home and watched Luka and Logan every other day, while his wife remained in the marital home and watched those two children on the alternating days.[2]
Respondent and his wife admitted to the allegations in the petitions, resulting in Family Court adjudicating that they neglected the three children. Despite it being agreed to by all parties, the court did not accept the proposed disposition, which would have extended the orders of protection and required that respondent and his wife engage in certain services. Following a dispositional hearing, the court released the children to the custody of respondent’s wife, with supervision by petitioner, required respondent and his wife to comply with certain services and continued the orders of protection for one year. Respondent appeals.
Respondent mainly argues that Family Court should have allowed him and his wife to have some supervised time together with the children. The orders of protection essentially prevented respondent from reuniting with his wife because she had *1057 custody of the children and he could not be in her presence when the children were also present. We need not address any order of protection against respondent, however, because it expired on December 20, 2013 and its prohibitions are now lifted, rendering the related arguments moot.
The dispositional order is problematic in that it released the children into the custody of respondent’s wife but did not provide for any contact between respondent and the children. As visitation with a noncustodial parent is presumed to be in a child’s best interests and should only be denied in exceptional situations (see Matter of Marshall v Bradley, 59 AD3d 870, 871 [2009]; Matter of Frierson v Goldston, 9 AD3d 612, 614 [2004]), we remit for Family Court to include a schedule or other provision for parenting time with respondent.
Garry, Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court’s decision.

. Logan is respondent’s biological child, Luka is his stepson, and Taylor is his wife’s younger sister.

. In a separate custody proceeding, Family Court placed Taylor with her biological father shortly before the commencement of this proceeding.