■ MICHELLE R., Appellant, v ALEXANDER R., Respondent. [39 NYS3d 450]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered February 5, 2015, which, to the extent appealed from as limited by the briefs, granted defendant father sole legal and physical custody of the subject child, with therapeutic supervised visitation for plaintiff mother, unanimously affirmed, without costs.

Supreme Court's determination that an award of sole custody to the father would be in the child's best interest has a sound and substantial basis in the record (see *Eschbach v Eschbach*, 56 NY2d 167 [1982]). The court considered the appropriate factors in making its determination, including the parties' credibility (see *id.*), and gave appropriate weight to the testimony and recommendations of the court-appointed forensic expert (*Matter of Cisse v Graham*, 120 AD3d 801, 806 [2d Dept 2014], affd 26 NY3d 1103 [2016]). The record shows that the mother's lack of insight into her parenting deficiencies and failure to engage in recommended mental health services led to findings of educational and medical neglect against her and a release of the child to the father (see *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541 [2d Dept 2013]). Although the father also was found responsible for the medical and educational neglect of the child, he ultimately addressed the child's behavioral and educational needs, and the child thrived in his care (see *Matter of Ricardo S. v Carron C.*, 91 AD3d 556 [1st Dept 2012]). Among other things, the child progressed from exhibiting fairly severe behavioral problems and social delays, to being a functioning member of a third grade classroom, with friends and extracurricular activities.

Based on all the evidence, Supreme Court properly determined that a continuation of the mother's supervised therapeutic visitation with the child, rather than non-therapeutic supervised visitation, would be in the child's best interest (see *Matter of Flood v Flood*, 63 AD3d 1197, 1198 [3d Dept 2009]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.