█ In the Matter of BEAU HEYER, Appellant, v DAWN HEYER, Respondent.—Weiss, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered March 27, 1984, which dismissed without prejudice petitioner's application to enforce an order of visitation and granted respondent's cross petition to suspend the order.

Petitioner seeks enforcement of an order dated July 28, 1981 providing visitation with his two minor children, Dawn and Derek, every Sunday between the hours of 10:00 A.M. and 7:00 P.M. Petitioner lived with his sister in Rensselaer County and was required to pick the children up at respondent's residence in Schenectady County, take them back to his home during the day, and then return them to respondent. Petitioner did not drive and was required to either engage the assistance of another or take the bus in transporting the children. Respondent submitted an affidavit in opposition and cross-petitioned to suspend petitioner's rights under the July 28, 1981 order.

At a hearing on January 24, 1984, petitioner testified that he made 20 to 30 attempts to exercise his visitation rights and was allowed to do so only once. Respondent denied thwarting petitioner's visitation attempts, testifying that petitioner visited the children twice in August 1981 and then not again until April 1982, at which time she was required to call the police because he ostensibly was drunk. Petitioner made no

further efforts to contact the children until commencement of this proceeding. Respondent further indicated that the children were afraid of petitioner and that Derek required psychiatric counseling. Upon an adjournment of the proceedings, Family Court issued a temporary order suspending petitioner's visitation rights.

Petitioner failed to appear at the reconvened hearing on February 24, 1984 when his attorney indicated that he was ill and that an adjournment was necessary to secure a witness. Family Court refused to grant an adjournment and dismissed the petition for failure to prosecute, without prejudice. Family Court further granted respondent's cross petition to suspend visitation.

On this appeal, petitioner contends that Family Court erred in refusing his request for an adjournment and in suspending his rights to visitation. The granting of an adjournment rests within the trial court's discretion (CPLR 4402; *Woertler v Woertler*, 110 AD2d 947). The record demonstrates that Family Court had ample basis to refuse an adjournment. Petitioner's excuse, feeble at best, was consistent with his lax attitude toward his visitation rights. Despite his obvious transportation problems, petitioner failed to take any deliberate steps to alter his situation. Considering respondent's testimony, which Family Court was authorized to credit, petitioner made only three attempts to visit the children between July 1981 and April 1982, and thereafter failed to exercise his visitation rights at all until this proceeding. We recognize that, absent extraordinary circumstances, a natural parent has a right to reasonable visitation privileges, the denial of which constitutes a drastic remedy (*see, Twersky v Twersky*, 103 AD2d 775; *De Pinto v De Pinto*, 98 AD2d 985; *Katz v Katz*, 97 AD2d 398). Even assuming, however, that petitioner is now willing to develop a meaningful relationship with his children, the fact remains that he has made no sincere efforts toward that goal and has virtually forfeited his right to such access (*see, Weiss v Weiss*, 52 NY2d 170, 175; *cf. Strahl v Strahl*, 66 AD2d 571, 576-577, *affd* 49 NY2d 1036). Transportation remains a serious problem and, as Family Court observed, the children should not be required to spend three hours on the bus every Sunday. Under all the circumstances, Family Court properly determined, in the best interest of the children (*Weiss v Weiss, supra*), that a suspension of the July 28, 1981 order is appropriate until petitioner establishes an ability to viably exercise his right to visitation.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.