■ MARGUERITE DOLEZAL, Appellant, v JOHN DOLEZAL, Respondent. [630 NYS2d 550] —In a matrimonial action, the wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered March 4, 1993, which, *inter alia,* granted custody of the two infant children of the parties to the husband.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The wife contends, among other things, that the court improperly granted custody of the couple's two infant children to the husband. We disagree. The trial court's determination is to be accorded great respect in such matters, and appellate courts should be reluctant to substitute their own evaluation of the relevant factors for that of the trial court *(see, Eschbach v Eschbach,* 56 NY2d 167, 173), especially where, as in this case, the court's custody determination is supported by a sound and substantial basis in the record *(see, Gage v Gage,* 167 AD2d 332).

Here, the trial court properly considered all the relevant testimony including the court-appointed psychologist's recommendation and the preferences of the children. Contrary to the wife's contention, the court did not rely solely on the psychologist's report *(compare, Matter of Hennelly v Viger,* 194 AD2d 791). Also, the preferences of the children here were not the sole determinative factors but were properly given some weight by the trial court given their respective ages, 11 and 14, at the time of trial *(see, Eschbach v Eschbach, supra,* at 173).

The wife further contends that the trial court erred by drawing an unfavorable inference against her for exercising her Fifth Amendment rights against self-incrimination and for refusing to answer some questions while failing to draw an unfavorable inference against the husband for invoking his Fifth Amendment rights. We do not agree. A review of the record shows that the wife invoked the privilege some 14 times on a topic which related to her ability to act in a custodial capacity toward her children and a tendency to place her own interests above the best interests of the children. On the other hand, the husband invoked his right to refuse to answer a question only once and that concerned an incident which did not reflect on his ability as a father.

The wife's remaining contentions are without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.