■ In the Matter of MATTHEW HOWARD, Appellant, v CRYSTAL BARBER, Respondent. [850 NYS2d 286]—

Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered May 4, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner and respondent are the parents of a daughter, born in 2003. In 2004, Family Court entered an order pursuant to the parties' stipulation granting them joint custody with primary physical custody to respondent and visitation with petitioner on alternate weekends. In April 2007, petitioner commenced this proceeding requesting modification of the prior order. Petitioner based his request on his claim that, since his incarceration in January 2007, respondent has refused contact

between him and the subject child. Petitioner requested that the current visitation schedule of alternate weekends be continued, with the child having visitation with petitioner's mother or, alternatively, petitioner be allowed visitation while incarcerated. Respondent did not appear in the matter and Family Court subsequently dismissed the petition without a hearing, prompting this appeal.

Petitioner contends that Family Court erred in dismissing his petition without a hearing. Initially, we agree with Family Court that petitioner's request that the child continue the current visitation schedule with petitioner's mother was an insufficient petition for grandparent visitation (*see* Domestic Relations Law § 72). Turning to his request for modification resulting in visitation while petitioner is incarcerated, it is well settled that "an existing custody order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest" (*Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]; *see Matter of Peck v Bush*, 35 AD3d 1118, 1118 [2006]). Notably, visitation with the noncustodial parent is presumed to be in the child's best interest and this presumption exists despite that parent's incarceration (*see Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]; *Matter of McCrone v Parker*, 265 AD2d 757, 757 [1999]). Furthermore, an evidentiary hearing is generally necessary to determine the best interest of the child unless there is enough information before the court to conduct an independent review (*see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]; *Matter of Depuy-Wade v Wade*, 298 AD2d 655, 655 [2002]; *Matter of Davies v Davies*, 223 AD2d 884, 886 [1996]).

Here, we find that petitioner has demonstrated a change of circumstances since the prior custody order and, in view of the lack of information before Family Court in order to determine whether modifying the prior order would be in the child's best interest, we agree with petitioner that the court erred in dismissing the petition without a hearing (*see Matter of Tanner v Tanner*, 35 AD3d at 1103; *Matter of Davies v Davies*, 223 AD2d at 886-887). Accordingly, we remit this matter to Family Court for a full evidentiary hearing to determine the best interest of the child.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.