■ In the Matter of DUSTIN L. COLE, Appellant, v KAYLA M. COMFORT, Respondent. [880 NYS2d 373]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered September 5, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) cohabitated briefly and are the parents of a daughter born in 2003. In November 2004, they consented to an order granting the mother sole custody of the child, with the father permitted weekly supervised visitation. According to the mother's testimony, the father did not avail himself of this visitation. The father was later incarcerated in October 2005 and subsequently sent to a state correctional facility in May 2006 after being convicted of grand larceny and burglary. He eventually commenced this proceeding in February 2008 seeking to have the child visit him once per month at the correctional facility where he is housed. After conducting a hearing, Family Court rendered a written decision finding that, although the father's incarceration constituted a substantial change of circumstances, it nevertheless was not in the child's best interests to modify the order to require prison visitation. The father appeals.

We affirm. The parties do not dispute that the father's incarceration constituted a substantial change in circumstances and, accordingly, the dispositive issue distills to whether Family Court erred in finding that prison visitation with the father was not in the best interests of the child (*see generally Matter of Howard v Barber*, 47 AD3d 1154, 1155 [2008]). The presumption favoring visitation with a noncustodial parent remains in place even when that parent is incarcerated (*see Matter of Rogowski v Rogowski*, 251 AD2d 827, 827 [1998]). Such visitation, however, need not always include contact visitation at the prison (*see Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Conklin v Hernandez*, 41 AD3d 908, 911 [2007]). Moreover, "the propriety of visitation is generally left to the sound discretion of Family Court whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (*Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004] [internal quotation marks and citation omitted]).

Here, the reasons set forth by Family Court for not directing

contact visitation included: the father failed to exercise meaningful visitation before his incarceration; he had virtually no involvement in the five-year-old child's life during the previous four years; the father was essentially a stranger to the child; and the distance to his place of incarceration included a three-hour round trip. Family Court also noted, based on the father's testimony, that he may soon be released from incarceration. The findings of Family Court are amply supported by the record and provide adequate grounds for its determination to dismiss the petition.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.