■ In the Matter of JOSHUA CUKERSTEIN, Respondent, v ANGELICA WRIGHT, Appellant. [892 NYS2d 226]—

McCarthy, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother), the parents of two minor children (born in 2000 and 2004), never married and ended their increasingly tumultuous relationship in 2005 after the mother assaulted the father. In October 2007, when the mother threatened the father and his girlfriend, the father filed a family offense petition and formally sought custody of the children. Following a hearing, Family Court found that the mother had committed a family offense, awarded sole legal and residential custody to the father and limited the mother's visitation. The mother appeals both the custody determination and the restrictions on visitation.

Although the mother appeared on the initial hearing date and testified during the father's case-in-chief, she failed to appear when the hearing was scheduled to continue. Her attorney had

no explanation for her failure to appear, but continued to advocate vigorously on the mother's behalf in her absence. At the conclusion of the hearing, the mother's attorney requested an adjournment in order to obtain further testimony from her client, which Family Court denied. We note that the mother had been evicted from her apartment in January 2009 and failed to provide her attorney with updated contact information. Under the circumstances, Family Court did not abuse its discretion in refusing to adjourn the hearing (see CPLR 4402; Matter of Steven B., 6 NY3d 888 [2006]; Matter of Heyer v Heyer, 112 AD2d 539, 540 [1985]; Matter of Michael David W., 101 AD2d 695 [1984], lvs dismissed 62 NY2d 604, 942 [1984]; cf. Matter of Jackson v Lee, 96 AD2d 760 [1983]).

Turning to the merits of the custody determination, Family Court was required to evaluate the best interests of the children, considering such factors as the children's ages and wishes, and the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the children and foster a relationship with the other parent (see Matter of Holle v Holle, 55 AD3d 991, 991-992 [2008]; Matter of Streid v Streid, 46 AD3d 1155, 1156 [2007]). Although the parties informally shared custody for a period of time, the father assumed primary responsibility for the care and welfare of the children as the mother grew increasingly unreliable. In the time since the parties ceased cohabitation, the father and his family have provided a stable and secure home environment for the children. The father has maintained steady employment and consistently provided for the health, welfare and educational needs of the children. On the other hand, the mother has used cocaine and abused prescription medication to the point that family and friends have expressed concern for her physical and mental well-being. She lost her job and her apartment and failed to adequately plan and provide for the children. The award of custody to the father is therefore supported by a sound and substantial basis in the record (see Malcolm v Jurow-Malcolm, 63 AD3d 1254, 1256 [2009]; Matter of Goodale v Lebrun, 307 AD2d 397, 398 [2003]), even without the negative inference that Family Court was permitted to draw when the mother refused to answer a question relating to a pending misdemeanor charge, invoking her right against self-incrimination under the Fifth Amendment (see Dolezal v Dolezal, 218 AD2d 682 [1995]). In any event, Family Court does not appear to have relied on the inference in rendering its determination.

Family Court also properly determined that threats made by

the mother constituted a family offense. The father testified that the mother came to his place of employment to harass him and threatened to harm or have someone harm him and his girlfriend. The father and his mother both testified that, later that same day, the mother came to their home and again threatened to have someone harm the father. These events took place with one or both children present. The father's prior experience with the mother's assaultive behavior made the threats credible. There is no merit to the mother's argument that her verbal threats constituted protected speech (*see Matter of Corey v Corey*, 40 AD3d 1253, 1255 [2007]). The family offense, namely, harassment in the second degree (*see* Penal Law § 240.26 [3]), was established by a fair preponderance of the evidence (*see* Family Ct Act § 812 [1]; § 832; *Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218-1219 [2007]; *Matter of Draxler v Davis*, 11 AD3d 760, 760-761 [2004]).

Although the record does not indicate that the mother is without affection for her children, her actions as a parent have been irresponsible. On one occasion, while taking the children for ice cream, she was detained on an outstanding warrant and the children were transported to the father's home in a police car. During the time the parties shared custody by informal agreement, the mother's exercise of her time with the children became increasingly erratic, impulsive and diminished in duration. Given the mother's poor parenting skills, financial instability, and the concern regarding her use of cocaine and prescription medications, her assault conviction and her threatening conduct against the father, we find no basis for disturbing the restrictions that Family Court imposed on the mother's visitation (*see Matter of Pettengill v Kirley*, 25 AD3d 935, 936 [2006]; *Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003]).

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.