■ In the Matter of JESTIN L. RUSSELL, Appellant, v VANESSA D. SIMMONS, Respondent. [931 NYS2d 273]—

Kavanagh, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2004 and 2006). In May 2008, the mother was awarded sole custody of the children while the father, on probation for a criminal conviction, was given the limited right to visit with the children

two hours each week. The father exercised this right for approximately three months, but ceased having any contact with the children for an extended period of time before he was incarcerated in July 2009, for violating the terms of his probation. In December 2009, while incarcerated, the father commenced this proceeding seeking access to the children's medical and school records, as well as the right to telephone and correspond with the children while in prison. Notably, the father did not request that the children visit with him while in prison. The mother argued that the father's application should be dismissed because, in addition to being unstable and irresponsible, he has not provided the children with any financial support and had no contact with them in the months leading up to his incarceration. After a hearing, Family Court dismissed the father's application, except that it directed that he be permitted to write the children four times each year.* The father now appeals and we affirm.

Initially, a change in circumstances has occurred in connection with the father's relationship with the children requiring a modification of the existing visitation order (*see Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]; *Matter of Cole v Comfort*, 63 AD3d 1234, 1235 [2009], *lv denied* 13 NY3d 706 [2009]). Thus, the relevant inquiry is whether Family Court's determination placing a limitation on the father's contact with the children was in their best interests and is supported by a sound and substantial basis in the record (*see Matter of Garraway v Laforet*, 68 AD3d 1192, 1194 [2009]; *Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]). The record confirms that the father, of his own volition, chose not to have any contact with the children for a substantial period of time prior to his incarceration and, according to the mother, this decision has had an adverse emotional impact upon them. Under the circumstances, we find that the court's decision limiting the father's access to the children provides a proper balance between the need to protect them from any further emotional harm that might result if he once again decides to remove himself from their lives and the father's right to have a limited opportunity to establish a meaningful relationship with them. Moreover, we agree with Family Court that it is not in the children's best interests that the father be provided with periodic updates regarding the children's medical history or their academic progress. As a result, Family Court's order is in all respects affirmed.

---

* According to the father, he is scheduled to be released from prison in November 2011 and, at that time, "fully intends to pursue visitation with his children on release."

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.