▪ In the Matter of FRANK CARL, Appellant, v HEATHER McEVER, Respondent. [931 NYS2d 168]—

Rose, J. ▪

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two children (a daughter born in 1994 and a son born in 1995). Pursuant to a 1995 custody order, the mother has primary custody of the children and the father has limited, supervised visitation. In 1999, the father was convicted of sexual battery in Florida (*see generally* Fla Stat Ann, tit 46, § 794.011) and served a sentence of imprisonment. As a result, after his release and return to New York, the father registered here as a risk level one sex offender (*see* Correction Law § 168-*l* [6] [a] ["risk of repeat offense is low"]). In 2007, he petitioned for, among other things, increased visitation with the children, and the mother cross-petitioned to terminate his visitation altogether. Family Court (Rowley, J.) ordered a probation investigation of both parents and a psychological evaluation of the father. The parties then stipulated to discontinue the father's petition and, after the mother's motion for summary judgment on her cross petition was denied by Supreme Court (Rowley, J.), her proceeding was also discontinued by stipulation prior to any hearing being held.

In 2010, the father commenced these proceedings seeking, among other things, enforcement and modification of the 1995 order. The mother cross-petitioned, again seeking termination of the father's visitation, and she also moved again for summary judgment. The father opposed the motion and requested a hearing. Family Court (Sherman, J.) granted the mother's motion without a hearing and terminated the father's visitation based upon his status as an untreated sex offender as well as the court's finding that the father had engaged in harassment of the mother, absented himself from the children's lives and

shown "apparent indifference to his parental responsibilities." The father now appeals.*

While there is no dispute that there has been a substantial change in circumstances since the entry of the 1995 order, we must agree with the father's contention that, without a hearing, there was insufficient evidence upon which Family Court could conclude that visitation would be detrimental to the children's best interests (*see Matter of Howard v Barber*, 47 AD3d 1154, 1155 [2008]; *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]; *Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029, 1029-1030 [1998]; *see also Matter of Afton C. [James C.]*, 17 NY3d 1, 10-11 [2011]). Generally, an evidentiary hearing is necessary to resolve the best interests question (*see Matter of Howard v Barber*, 47 AD3d at 1155; *Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]), as there is a presumption that visitation with a noncustodial parent is in a child's best interests (*see Matter of Culver v Culver*, 82 AD3d 1296, 1297 [2011], *appeal dismissed* 16 NY3d 884 [2011], *lv denied* 17 NY3d 710 [2011]; *Matter of Albanese v Albanese*, 44 AD3d 1117, 1120 [2007]). This presumption will only be overcome by substantial evidence that the visitation will be detrimental to the child's welfare (*see Matter of Brown v Erbstoesser*, 85 AD3d 1497, 1499 [2011]; *Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]).

Here, there is no evidence in the record that the father was ever ordered to complete sex offender treatment and, although Family Court had access to the 2007 probation report and psychological evaluation of the father, neither conclusively demonstrates that the father required such treatment or that visitation with the father would be detrimental to the children's welfare. Also, although it was undisputed that an order of protection was granted in favor of the mother with respect to an incident in 2007, the parties alleged differing accounts as to the underlying event and there is nothing in the record before us to support the contention of the mother that the father was convicted of harassment in the second degree. Further, the father raised issues of fact regarding his absence from the children's lives, alleging that he attempted to maintain a relationship with the children and attributing his delay in seeking visitation after the discontinuance of the 2007 proceedings to the order of protection entered against him and his departure

---

* The appeal from that part of Family Court's order that dismissed the father's petition seeking visitation as to another child (born in 1998) is not addressed in his brief and is, therefore, deemed abandoned (*see Matter of Anesi v Brennan*, 75 AD3d 791, 792 n [2010]).

from the area for employment until August 2009. In view of the factual issues here and the lack of sufficient information on which to determine whether modification of the prior order would be in the children's best interests, we must remit for an evidentiary hearing (*see Matter of Howard v Barber*, 47 AD3d at 1155; *Matter of Patricia YY. v Albany County Dept. of Social Servs.*, 238 AD2d 672, 674 [1997]; cf. *Matter of Enrique T. v Annamarie M.*, 15 AD3d 310, 311 [2005]).

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.