McCarthy, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered March 14, 2012, which partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2004). In September 2005, a custody order was entered awarding the parties joint legal custody with primary physical custody to the mother. The parties began living together later that year and did so until May 2006, when the father was arrested after the mother’s older daughter died of severe injuries sustained while in the father’s sole care. Thereafter, the father was convicted of manslaughter in the second degree and sentenced to a prison term of 5 to 15 years, which judgment was affirmed by this Court. The father was also adjudicated to have derivatively neglected the subject child and a temporary order of protection was issued in her favor, barring all contact by the father until October 2007. The father commenced the instant proceeding in December 2009 for modification of visitation and, following a hearing, Family Court found that communication between the father and the child was not in her best interests, but granted the petition to the extent of ordering the mother to provide a current picture of the child to the father annually. The father now appeals.
*1160 We affirm. Generally, visitation with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 90 [2013]; Matter of Telfer v Pickard, 100 AD3d 1050, 1051 [2012]; Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [2012]; Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]). However, the best interests of the child is paramount and, therefore, an application for visitation may be denied where there are compelling reasons and substantial proof that visitation would be harmful to the child (see Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1603 [2011], lv denied 17 NY3d 708 [2011]; Matter of Culver v Culver, 82 AD3d at 1297; Matter of Sullivan County Dept. of Social Servs. v Richard C., 260 AD2d 680, 682 [1999], lv dismissed 93 NY2d 958 [1999]). Thus, the propriety of visitation is left to the sound discretion of Family Court, guided by the best interests of the child, and its decision will not be disturbed where it is supported by a sound and substantial basis in the record (see Matter of Culver v Culver, 82 AD3d at 1297; Matter of Hobb Y., 56 AD3d 998, 999 [2008]; Matter of Robert TT. v Carol UU., 300 AD2d 920, 920 [2002]).
Hearing testimony established that the father has not had contact with the mother or the child since May 2006, and has not made any attempts at contact, even after the order of protection expired in October 2007. Furthermore, no members of the father’s family made any attempt to maintain a relationship with the child after October 2006. The record establishes that the child has no knowledge of the father or of the circumstances surrounding her sister’s death, and the mother testified that she believed that contact with the father and the possibility of discovering such circumstances would be traumatic for the child. The record further establishes that the child is now happy and well-adjusted and that she views the mother’s new husband as her father and calls him “daddy” of her own volition. Additionally, the father made no attempt to pay court-ordered child support — leading to over $4,400 in arrears — and commenced a proceeding in September 2010 in an effort to discontinue his support obligation. Accordingly, we are unpersuaded that Family Court erred in denying petitioner’s request for communication with the child (see e.g. Matter of Telsa Z. [Denise Z.], 84 AD3d at 1603; Matter of Hobb Y., 56 AD3d at 999-1000; Matter of Sullivan County Dept. of Social Servs. v Richard C., 260 AD2d at 682-683).
Lahtinen, J.E, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.