*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    519756
_____

In the Matter of ISAIAH CC.,
                        Appellant,

        v
                                            MEMORANDUM AND ORDER

ROSELYN DD.,
                        Respondent.
_____


Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____


        A.L. Beth O'Connor, Cortland, for appellant.

        Thomas H. Kheel, Ithaca, for respondent.

        Pamela B. Bleiwas, Ithaca, attorney for the child.

_____


McCarthy, J.

        Appeal from an order of the Family Court of Chemung County
(Rich Jr., J.), entered August 26, 2014, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for visitation with the parties' child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a daughter (born in
2003).  In 2014, while incarcerated, the father filed this
petition seeking correspondence and telephonic communication with
the child.  Thereafter, Family Court held a fact-finding hearing.
At the close of the father's testimony, the mother moved for a
trial order of dismissal.  Family Court granted the motion and
dismissed the father's petition.  The father appeals, and we
affirm.

According to his own testimony, the father has never met the child, has spoken to her only once in her lifetime and has never sent her a card, letter or gift. The father's total efforts to contact the child amount to two telephone calls. At the time of the child's birth, the father was imprisoned in Pennsylvania based on a plea deal that resolved charges against him, including aggravated assault on an unborn child. Although not convicted of that charge, at the hearing, the father admitted that he had attacked the mother while she was pregnant with the child. As a part of a plea deal, an order of protection was issued against the father in relationship to the child.[1] The father has also been convicted of statutory rape based on engaging in sexual intercourse with a 15-year-old child. The father admitted that he has not completed sex offender treatment. Approximately a year prior to seeking visitation with the child and in the context of a child support proceeding, the father disclaimed paternity of the child.

Accordingly, the record contains proof that the father is an incarcerated, untreated sex offender with a history of physical and sexual abuse against victims that include children; he has taken affirmative efforts to deny paternity of the child and has made few efforts to establish a relationship with her. Based on this evidence, the presumption in favor of the father's requested contact was rebutted by substantial proof that the father has forfeited his right to contact with the child and that contact would be harmful for the child (see Matter of Owens v Chamorro, 114 AD3d 1037, 1039-1040 [2014]; Matter of Cole v Comfort, 63 AD3d 1234, 1235-1236 [2009], lv denied 13 NY3d 706 [2009]; Matter of Rogowski v Rogowski, 251 AD2d 827, 827-828 [1998]). Accordingly, we will not disturb Family Court's order. The father's remaining contentions are also without merit.

Lahtinen, J.P., Garry, Rose and Mulvey, JJ., concur.

---

[1] That order expired in 2007 and, therefore, cannot explain the father's lack of efforts to establish a relationship with the child thereafter.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court