Matter of Velasquez v Kattau (2018 NY Slip Op 08667)





Matter of Velasquez v Kattau


2018 NY Slip Op 08667


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2018-00712
 (Docket Nos. V-02883-17, V-02890-17)

[*1]In the Matter of Marjorie Velasquez, petitioner- respondent, 
v
Robert Kattau, appellant, Suffolk County Department of Social Services, respondent-respondent.


Abbe C. Shapiro, Mount Sinai, NY, for appellant.
Darlene Rosch, Islandia, NY, for petitioner-respondent.
Dennis M. Brown, County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for respondent-respondent.
J. Gary Waldvogel, Hauppauge, NY, attorney for the child.



DECISION & ORDER
In consolidated proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated November 27, 2017. The order, insofar as appealed from, after a hearing, denied the father's request for telephone contact with the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of the subject child, who was born in 2012. The father was convicted of sexually abusing the subject child's step-sister beginning when the step-sister was eight years old. Thereafter, the mother, who was still residing with the subject child and his step-sister, filed petitions seeking custody of the subject child. After a hearing, the Family Court awarded the mother sole legal custody of the subject child, and limited the father's parental access with the child to letters sent to the attorney for the child, who was directed to review and forward any appropriate letters to the child. The father appeals from so much of the order as denied his request for telephone contact with the subject child.
The paramount concern when making a parental access determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Grimes v Pignalosa-Grimes, 165 AD3d 796). Parental access with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 91; Matter of Irizarry v Jorawar, 161 AD3d 863, 864). However, that presumption may be rebutted by demonstrating, by a preponderance of the evidence, that under all the circumstances parental access would be harmful to the child's welfare, or that the right to parental access has been forfeited (see Matter of Grimes v Pignalosa-Grimes, 165 AD3d at 797; Matter of Irizarry v Jorawar, 161 AD3d at 864; Matter of [*2]Torres v Pascuzzi-Corniel, 125 AD3d 675, 676).
Here, there is a sound and substantial basis in the record for the Family Court's determination limiting the father's parental access with the subject child to letters approved by the attorney for the child. A preponderance of the evidence adduced at the fact-finding hearing, including the father's own testimony, via videoconference, demonstrated that telephone contact with the father would be harmful to the child's welfare (see Matter of Isaiah CC. v Roselyn DD., 139 AD3d 1125, 1126; Matter of Davis v Davis, 265 AD2d 552).
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court