Matter of Nathaniel V. v Kristina W. (2019 NY Slip Op 04520)





Matter of Nathaniel V. v Kristina W.


2019 NY Slip Op 04520


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526791

[*1]In the Matter of NATHANIEL., Appellant,
 v
v
KRISTINA W., Respondent.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Alexandra J. Buckley, Clifton Park, for appellant.
Mary Militano, Scotia, attorney for the child.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered April 4, 2018, which, in a proceeding pursuant to Family Ct Act article 6, dismissed the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2014). In March 2017, Washington County Family Court (Michelini, J.) issued an order granting the parties joint legal custody and the mother primary physical custody and ultimate decision-making power. Furthermore, the court directed that the father arrange for therapeutic parenting time and that he attend programs for substance abuse treatment and anger management. Within three months after the order was entered, the father was arrested and has remained incarcerated. In December 2017, while incarcerated, the father commenced this modification proceeding in Saratoga County Family Court, claiming that, since his incarceration, he had not had any contact with the child. The father requested that he be allowed to speak with the child on the phone or at least be informed as to the child's well-being. Family Court (Jensen, J.), indicating that it was bound by and could not change the prior order requiring therapeutic visitation, dismissed the petition. The father appeals.
Family Court erred in dismissing the petition without a hearing. "The party seeking to modify an existing custody order is required to demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019] [internal quotation marks and citation omitted]). Although "[t]he petitioner bears the burden of demonstrating such change in circumstances, and his or her petition must allege facts which, if established, would afford a basis for relief" (Matter of Engelhart v Bowman, 140 AD3d 1293, 1293-1294 [2016] [internal quotation marks, brackets and citation omitted]), "[i]n determining whether a pro se petitioner made a sufficient evidentiary showing to warrant a hearing, we construe the pleadings liberally and afford the petitioner the benefit of every favorable inference" (Matter of Miller v Bush, 141 AD3d 776, 777 [2016]; see Matter of Horowitz v Horowitz, 154 AD3d 1207, 1207-1208 [2017]). "[A]s a general matter, custody determinations should be rendered only after a full and plenary hearing" (S.L. v J.R., 27 NY3d 558, 564 [2016]).
The father's pro se petition alleged that he was incarcerated and, due to that situation, he had not had contact with the child for a year. In a letter attached to the petition, he asserted that he was "clean and attending all programs available to remain" sober. When Family Court asked the father, at an appearance, whether he had engaged in therapeutic visitation prior to his incarceration, he stated that he started treatment but did not have a chance to begin therapeutic visits in that time frame. The court stated that the prior order requires the father to have therapeutic parenting time, "[t]here's nothing [the court] can do for [the father] because he failed to comply with the terms of the order whether it was his fault or not," and the court had to dismiss the petition because it could not change that order. These statements indicate a misunderstanding of the court's authority. Although courts should not intrude on the terms of orders rendered by other courts, Family Court was not precluded from changing the prior order, which had been rendered in another county. Indeed, the purpose of a modification petition is to seek a change in a prior order; if warranted, the court then has the authority to make a modification.
The father's allegations in the petition regarding his incarceration subsequent to the March 2017 order and his lack of contact with the child as a result constitute facts that, if established at a hearing, would constitute a change in circumstances requiring an inquiry into the best interests of the child (see Matter of Howard v Barber, 47 AD3d 1154, 1155 [2008]; see generally Matter of Cole v Comfort, 63 AD3d 1234, 1235 [2009], lv denied 13 NY3d 706 [2009]; compare Matter of Dann v Dann, 51 AD3d 1345, 1346-1347 [2008]). Moreover, the father's allegations raise a question as to whether the father's incarceration inhibits his ability to comply with the March 2017 order (compare Matter of Perry v Perry, 52 AD3d 906, 906-907 [2008], lv denied 11 NY3d 707 [2008]). Additionally, it appears that Family Court failed to appreciate the broad scope of the father's request, which sought that he at least receive information regarding the child's well-being or have "some form of contact and/or connection with [the child]." Thus, we remit for the court to conduct a hearing on the father's modification petition (see Matter of Howard v Barber, 47 AD3d at 1155).
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.