Matter of Shawn MM. v Jasmine LL. (2020 NY Slip Op 01223)





Matter of Shawn MM. v Jasmine LL.


2020 NY Slip Op 01223


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527731

[*1]In the Matter of the Shawn MM., Appellant,
v
Jasmine LL., Respondent. (And Another Related Proceeding.)

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Monique B. McBride, Albany, for appellant.
Palmer J. Pelella, Binghamton, attorney for the child.



Garry, P.J.
Appeals from two orders of the Family Court of Broome County (Pines, J.), entered September 26, 2019, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2017). In September 2018, the father filed two petitions seeking to modify an August 2018 order, entered upon his default, awarding sole custody of the child to the mother. The father, who was incarcerated and proceeding pro se, asked Family Court to modify the order by granting him visitation. Family Court dismissed the father's petitions, finding that he failed to make a legally sufficient showing to warrant a hearing. The father appeals.[FN1]
Although Family Court is not required to hold a hearing in every case, a hearing should generally be conducted "unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the child's best interests" (Matter of Horowitz v Horowitz, 154 AD3d 1207, 1208 [2017] [internal quotation marks and citations omitted]). "In determining whether a pro se petitioner made a sufficient evidentiary showing to warrant a hearing, we construe the pleadings liberally and afford the petitioner the benefit of every favorable inference" (Matter of Miller v Bush, 141 AD3d 776, 777 [2016] [citations omitted]).
In its August 2018 order awarding sole custody to the mother upon the father's default, Family Court "ordered that the rights are reserved for [the father] to file for custody and/or visitation." Because the order did not otherwise address visitation, it appears that Family Court did not intend to require the father to demonstrate a change in circumstances in order to petition for visitation (see generally Matter of Jackson v Wylie-Tunstall, 137 AD3d 1032, 1033 [2016]). In dismissing the father's visitation petitions, Family Court made no determination regarding a change in circumstances, but instead stated that the father had not made "a legally sufficient allegation regarding the child's best interests." Upon review, to the extent that it was necessary for him to do so, we find that the father demonstrated a change in circumstances arising from his incarceration (see Matter of Russell v Simmons, 88 AD3d 1080, 1081 [2011]; Matter of Howard v Barber, 47 AD3d 1154, 1155 [2008]; see also Matter of Lapham v Senecal, 125 AD3d 1210, 1210 [2015]; Matter of Cole v Comfort, 63 AD3d 1234, 1235 [2009], lv denied 13 NY3d 706 [2009]).
We note that "[v]isitation with a noncustodial parent, even one who is incarcerated, is presumed to be in the best interests of the child[]" (Matter of Aaron OO. [Amber PP.], 170 AD3d 1436, 1436 [2019]). Further, "as a general matter, custody determinations should be rendered only after a full and plenary hearing" (S.L. v J.R., 27 NY3d 558, 564 [2016]). This guideline applies to requests for visitation and contact, as presented here (see Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1309 [2019]). Accordingly, in the absence of sufficient information allowing a comprehensive review of the child's best interests, Family Court erred in dismissing the petitions without a hearing (see Matter of Howard v Barber, 47 AD3d at 1155). Finally, it was not necessary for Family Court to dismiss the petitions because they were unsworn, given that verification of a visitation petition is not required by either CPLR 3020 or Family Ct Act article 6 (see generally Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3020:3, C3020:5). The father's remaining contention is rendered academic by this determination.
Egan Jr., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The mother did not appear in opposition and the attorney for the child submitted a brief supporting the order.