Matter of Barrett LL. v Melissa MM. (2024 NY Slip Op 00472)

Matter of Barrett LL. v Melissa MM.

2024 NY Slip Op 00472

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

535054
[*1]In the Matter of Barrett LL., Respondent,
v
Melissa MM., Appellant. (Proceeding No. 1.)
In the Matter of Melissa MM., Appellant,
v
Barrett LL., Respondent. (Proceeding No. 2.) (And Two Other Related Proceedings.)

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

John A. Cirando, Syracuse, for appellant.
Lisa K. Miller, McGraw, for respondent.
Jane M. Bloom, Monticello, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered February 9, 2022, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Melissa MM. (hereinafter the mother) and Barrett LL. (hereinafter the father) are the parents of the subject child (born in 2011). Pursuant to a September 2020 order entered upon consent, the parties shared legal custody of the child, with the mother having primary physical custody subject to the father's parenting time, including alternate weekends and one weekly overnight visit. In January 2021, amid controversy over COVID-19 related testing and the child's medical care, the father filed a modification petition seeking sole legal and physical custody of the child. In July 2021, the mother petitioned for sole custody of the child, and also filed a violation petition alleging that the father had failed to abide by the parenting time schedule. She also filed a family offense petition, alleging that the father had committed disorderly conduct, harassment, aggravated harassment, menacing in the second or third degree, stalking and sexual misconduct, and, consequently, Family Court issued a temporary order of protection against the father. On November 3, 2021, the court modified the temporary order of protection, ordering the parents to cooperate and facilitate all mental health related services for the child, including contact with the school and mental health providers. Following fact-finding and Lincoln hearings, Family Court dismissed the mother's petitions and granted the father's petition, awarding him sole legal and physical custody of the child with parenting time to the mother. The mother appeals.[FN1]
Initially, as the mother raises no arguments regarding the dismissal of her violation and family offense petitions, "we deem any challenge with respect thereto to be abandoned" (Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [3d Dept 2018]; see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1040 n 2 [3d Dept 2021]). Turning to custody, "[a] parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Mary N. v Scott M., 218 AD3d 890, 891 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Austin ZZ. v Aimee A., 191 AD3d 1134, 1136 [3d Dept 2021]). Here, although Family Court did not specifically make a finding of change in circumstances, upon our review of the record, we find that the evidence of the deterioration of the parties' relationship constituted a sufficient change in circumstances such that the court's consideration of whether a change in custody was necessary to protect the child's best interests was warranted (see Matter of Theodore P. v Debra P., 209 AD3d 1146, 1148 [3d Dept 2022]; Matter [*2]of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1078 [3d Dept 2020], lv denied 35 NY2d 913 [2020]; Matter of Quick v Glass, 151 AD3d 1318, 1319 [3d Dept 2017]).
"Factors to be considered in a best interests analysis include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1166 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020]). The prior stipulated order is a relevant factor to consider when assessing whether a child's best interests are served by modification, although it is entitled to less weight than an order entered following a plenary hearing (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046 [3d Dept 2023]). "This Court accords great deference to Family Court's factual findings and credibility determinations, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023] [internal quotation marks, ellipsis and citations omitted], lv denied 40 NY3d 905 [2023]).
We disagree with the mother's contention that Family Court's award of sole legal and physical custody to the father lacks a sound and substantial basis in the record.[FN2] The record before us supports Family Court's finding that the communication problems between the parties were primarily the fault of the mother, whom the court found to be "uncooperative and combative." Testimony demonstrated that the father attempted to communicate with the mother to make shared decisions about the child's medical care, education and visitation schedule, but that the mother rebuffed or ignored him. Indeed, the mother readily acknowledged that she "cannot co-parent" with the father and candidly testified that she only communicates with him when she "[has] to" and does not want to "be harassed about [her] decisions involving [the child's] medical care and his school care." Testimony also demonstrated that the mother refused to provide the father with even the most basic healthcare information about the child, such as whether the child had a primary care doctor or a dentist. Testimony further demonstrated that the mother overtly sabotaged the father's ability to communicate with the child's doctors by telling them not to share information about the child with the father and refusing to advise him of the child's medical visits. And most egregiously, as Family Court found, the mother repeatedly interfered with the father's mid-week overnight parenting time, often by improperly forcing him to forfeit his parenting time or by failing to respond to his text [*3]messages regarding his weekday visits for "three to four days."
Aside from the communication problems, Family Court had an ample basis to further conclude that the father should be awarded sole custody due to the mother's failure to acknowledge and address the child's mental health issues. The court also found the mother's testimony at trial in defense of her actions disingenuous. Certainly, the mother's lack of insight and/or explanation of her alleged conduct created a credibility issue, which Family Court was in the best position to resolve (see Matter of Derek KK. v Jennifer KK., 196 AD3d 765 [3d Dept 2021]).
Finally, given the mother's demonstrated animosity toward the father and her failure to indicate that, in the future, she would be willing to cooperate with him to ensure a continued relationship between him and the child (see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587-1590 [3d Dept 2023]; Matter of Mark RR. v Billie RR., 95 AD3d 1602, 1602-1603 [3d Dept 2012]; compare Matter of Thomas BB. v Jessica YY., 219 AD3d 1578, 1581 [3d Dept 2023]; cf. Matter of Carl v McEver, 88 AD3d 1089, 1090 [3d Dept 2011]), we discern no basis upon which to disturb Family Court's custody decision.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: At oral argument, the mother's attorney informed the Court that, during the pendency of the appeal, Family Court issued an order (dated September 13, 2023), adjusting the parenting time schedule. Because that order did not modify the award of sole legal custody to the father, we agree with the mother that her appeal is not moot.

Footnote 2: The attorney for the child supports Family Court's determination.