Matter of Jaime T. v Ryan U. (2025 NY Slip Op 02638)

Matter of Jaime T. v Ryan U.

2025 NY Slip Op 02638

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-24-0639
[*1]In the Matter of Jaime T., Respondent,
v
Ryan U., Appellant. (And Two Other Related Proceedings.)

Calendar Date:March 28, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Paul J. Connolly, Delmar, for appellant.
Rebekah Nellis Kennedy, Loudonville, for respondent.
Peter J. Scagnelli, Albany, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Albany County (Jill Kehn, J.), entered March 15, 2024, which, in a proceeding pursuant to Family Ct Act article 6, among other things, partially granted petitioner's motion for summary judgment.
In November 2021, respondent (hereinafter the father) assaulted petitioner (hereinafter the mother) while she was seven months pregnant with the subject child (born in 2022). In June 2023, the father was convicted, after a jury trial, of numerous crimes and was sentenced to a prison term of 10 to 20 years. Thereafter, the father filed a petition seeking visitation of the child. The mother then filed a family offense petition based on the November 2021 incident, as well as a petition seeking sole legal and physical custody of the child. Subsequently, the mother moved for summary judgment on both petitions asserting that, based upon his criminal convictions, there were no issues of material fact as to the alleged family offense and the best interests of the child. The father opposed the mother's motion for summary judgment claiming the best interests of the child would be served by allowing him parenting time. Ultimately, Family Court found there existed no issue of material fact warranting a hearing considering the father's criminal conviction related to domestic violence against the mother. As such, the court found the child's best interests were served by granting the mother sole legal and physical custody and suspending any contact between the child and the father. Although the court dismissed the mother's family offense petition, it issued an order of protection pursuant to Family Ct Act article 6 against the father for the benefit of the child until her 18th birthday. The father appeals.
The father contends that Family Court erred in granting the summary judgment motion and denying him visitation without a hearing. "Generally, an evidentiary hearing is necessary to resolve the best interests question [as to visitation], [given that] there is a presumption that visitation with a noncustodial parent is in a child's best interests" (Matter of Carl v McEver, 88 AD3d 1089, 1090 [3d Dept 2011] [internal citations omitted]; see Matter of Nieves v Medina, 224 AD3d 756, 757 [2d Dept 2024]). This is true "even when the parent is incarcerated" (Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]). "That presumption, however, may be rebutted by demonstrating, by a preponderance of the evidence, that visitation with the incarcerated parent would, under all of the circumstances, be harmful to the child['s] welfare or contrary to [his or her] best interests" (Matter of Aaron OO. v Amber PP., 170 AD3d 1436, 1436-1437 [3d Dept 2019] [citations omitted]). "[A] motion for summary judgment may be utilized in a Family Ct Act article 6 proceeding, but such a motion should be granted only when there are no material [*2]facts disputed sufficiently to warrant a trial" (Matter of Robert OO. v Sherrell PP., 143 AD3d 1083, 1083-1084 [3d Dept 2016] [internal quotation marks and citations omitted]; accord Matter of Anthony F. v Christy G., 180 AD3d 1197, 1198 [3d Dept 2020]).
In support of her motion for summary judgment, the mother proffered, among other things, her own affidavit as well as certificates of conviction for the father. These documents reveal that the mother is a domestic violence survivor due to the actions of the father. Specifically, in November 2021, when she was seven months pregnant with the child, the father assaulted the mother and was subsequently criminally charged and convicted after trial of, among other things, aggravated criminal contempt, assault in the third degree, criminal possession of a weapon in the third degree and endangering the welfare of a child.[FN1] As a result of the convictions, the father was sentenced to 10 to 20 years of incarceration and a no-contact order of protection was entered benefiting the mother and the mother's other child until 2051. Information contained in the record from the Department of Corrections and Community Supervision establishes that the father's parole eligibility date is in November 2031 and that his maximum release date is in November 2041.
In response, the father did not refute any of the information regarding his convictions or the underlying conduct as established by the mother. He did, however, assert that it is in the best interests of the child for him to have contact with the child, who has never met the father, while he is incarcerated. He also stated that he has contact with his other children "on a substantial basis" while incarcerated.
Given the foregoing, we agree with the father's contention that a hearing was required regarding the issue of visitation.[FN2] Plainly stated, we do not find that, given the specific circumstances of this case, denying the father any contact with the child until the child's 18th birthday was appropriate on a summary judgment motion (see generally Carl v McEver, 88 AD3d at 1090). This is especially so given that "visitation . . . need not always include contact visitation at the prison" (Matter of Cole v Comfort, 63 AD3d 1234, 1235 [3d Dept 2009], lv denied 13 NY3d 706 [2009]; see Matter of Ruple v Harkenreader, 99 AD3d at 1086). As such, the father is entitled to a hearing to determine what, if any, visitation is in the best interests of the child. By way of reminder, at this hearing, it is not the father's burden to demonstrate that visitation is in the child's best interests, but rather it is the mother, as the party opposing visitation, who has the burden of demonstrating, by a preponderance of the evidence, "that visitation with [the father] would, under all of the circumstances, be harmful to the child['s] welfare or contrary to [her] best interests" (Matter of Aaron OO. v Amber PP., 170 AD3d at 1436-1437). This includes a consideration of whether updates[*3], photographs and/or letters may be appropriate and in the best interests of the child (see Matter of Conklin v Hernandez, 41 AD3d 908, 911 [3d Dept 2007]; Matter of Tanner v Tanner, 35 AD3d 1102, 1103 [3d Dept 2006]). Given the foregoing, the order of protection issued by Family Court will remain in effect pending the hearing, and will be subject to modification, should the court determine it to be in the best interests of the child after the hearing. The father's remaining contentions have been reviewed and found to be without merit.
Aarons, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as suspended respondent's contact with the child; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The certificate of conviction details the six felonies and three misdemeanors that the father was convicted of after trial, which stemmed from the November 2021 incident as well as other incidents in February 2021 and December 2021.

Footnote 2: We note that, on appeal, the father has abandoned any argument relative to the custody determinations of Family Court (see Matter of Henry CC. v Antoinette DD., 222 AD3d 1231, 1232 [3d Dept 2023]).